UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
EMMANUEL HICKINSON,

                      Plaintiff,

        -against-

CITY OF NEW YORK; Police Officer MICHAEL TYNION, Shield No. 9545; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

14 CV 4907

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Emmanuel Hickinson ("plaintiff" or "Mr. Hickinson") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Michael Tynion, Shield No. 9545 ("Tynion"), at all times relevant herein, was an officer, employee and agent of the NYPD. Upon information and belief, defendant Tynion resigned from the NYPD in July 2014. Defendant Tynion is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 9:30 p.m. on September 9, 2013, plaintiff was lawfully present with a friend in the vicinity of New Lots Avenue and Cleveland Street in Brooklyn, New York.

14. Defendants approached and stopped plaintiff's friend, demanding identification from him.

15. Mr. Hickinson was not stopped.

16. Defendants lacked reasonable suspicion to stop Mr. Hickinson.

17. As Mr. Hickinson waited quietly for the officers to complete their stop of his friend, the friend ran off.

18. Mr. Hickinson stood there as some of the defendants gave chase.

19. Mr. Hickinson then walked away.

20. Approximately ten minutes later, Mr. Hickinson was lawfully standing nearby on Ashford Street when the defendants pulled up in front of his location,

crashing into a minivan in the process.

21. Defendants exited their vehicle and handcuffed and arrested plaintiff, even though they knew that he had done nothing illegal.

22. Mr. Hickinson was then taken to a police precinct, where he remained handcuffed for hours.

23. At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Hickinson engage in disorderly conduct and prepared false police paperwork, including an arrest report.

24. At no point did any defendant observe Mr. Hickinson engage in disorderly conduct or commit any other crime or offense.

25. Mr. Hickinson was taken to Brooklyn Central Booking, arraigned in Kings County Criminal Court and released on his own recognizance.

26. After approximately twenty-four hours in custody, Mr. Hickinson was released.

27. After being compelled to return to court on numerous occasions, under the threat of the issuance of an arrest warrant and of arrest, the criminal charges were adjourned in contemplation of dismissal.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

40. Plaintiff was conscious of his confinement.

41. Plaintiff did not consent to his confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants created false evidence against plaintiff.

51. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

52. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

53.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention

54.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

56.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

57.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

58.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Failure To Intervene

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       August 18, 2014
             New York, New York

                                    HARVIS WRIGHT & FETT LLP

                                    _____
                                    Gabriel Harvis
                                    305 Broadway, 14th Floor
                                    New York, New York 10007
                                    (212) 323-6880
                                    gharvis@hwandf.com

                                    *Attorneys for plaintiff*